7 F.3d 1042
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Molouk AFSHARI, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-1774.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 14, 1993.
Filed: October 12, 1993.
 
 Before FAGG, Circuit Judge, HEANEY, Senior Circuit Judge, and LOKEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Molouk Afshari, an Iranian citizen, failed to leave the United States when her visa expired, and the Immigration and Naturalization Service began deportation proceedings against her. An immigration judge (IJ) denied Afshari's request for asylum, and the Board of Immigration Appeals (BIA) upheld the IJ's decision. Afshari then filed a motion to reopen her deportation proceedings to apply for suspension of deportation under 8 U.S.C. § 1254(a)(1) (1988). The BIA denied Afshari's motion to reopen, and Afshari appeals.
 
 
 2
 The BIA may deny a motion to reopen on the ground that the movant has not introduced previously unavailable, material evidence. INS v. Abudu, 485 U.S. 94, 104-05 (1988); 8 C.F.R. § 3.2 (1993). We review the BIA's decision that the movant failed to introduce such evidence for abuse of discretion. Abudu, 485 U.S. at 106-07. Here, the BIA decided the evidence Afshari presented in support of her motion to reopen was substantially the same evidence used to support her asylum claim in the earlier deportation proceedings. Thus, that evidence was not unavailable during those proceedings. The BIA also decided a new affidavit by an Iranian "expert" about Iranian prison conditions did not present a previously unavailable fact or circumstance warranting reopening, because evidence of Iranian prison conditions was considered during the deportation proceedings. Other information discussed in the new affidavit was also introduced in the deportation proceedings.
 
 
 3
 We conclude the BIA did not abuse its discretion in deciding Afshari failed to introduce previously unavailable, material evidence. The BIA thus properly denied Afshari's motion to reopen on this ground, and we need not consider whether the BIA abused its discretion in deciding Afshari's deportation would not result in extreme hardship to her warranting suspension of deportation. See id. at 105 (alternative ground for denying motion to reopen). Accordingly, we deny Afshari's petition for review.